## BERBERICK v. FRITZ.

1. MORTGAGE: DEED. When a deed absolute upon its face was held to operate as a mortgage.

2. RENT. When liability for rent is incurred under possession obtained by legal process.

3. EVIDENCE. What was held sufficient to sustain a verdict.

*Appeal from Blackhawk District Court.*

FRIDAY, JUNE 19.

THE plaintiff, on the 18th of September, 1872, filed her amended petition, alleging that in May, 1867, she purchased of G. W. Miller eighty acres of land, obtained a title bond therefor, took possession, and made improvements. That about March 11, 1872, the purchase money being unpaid, plaintiff and defendant entered into a verbal agreement whereby defendant agreed to pay Miller the amount due on said bond, and plaintiff agreed to procure from Miller a deed of said premises to defendant, as security for the re-payment of the money so advanced, within three years from March 11th, 1871, with ten per cent. interest, upon payment of which defendant was to convey said premises to plaintiff. That defendant advanced Miller the amount due him, $330, and plaintiff procured the deed from Miller, as agreed, and surrendered to Miller the bond. That plaintiff was to retain the possession of the premises, and did so until June 1st, 1872, and caused the same to be sown and planted. That defendant wrongfully procured plaintiff to be removed from said premises, and took possession of the same, with the crops, and now falsely claims to be the owner thereof. That the use of the premises is worth $300 a year, and the labor of plaintiff and seed in putting in said crops is worth $350. That the deed was in fact a mortgage, and that plaintiff is the owner of the premises. Petition prays an accounting of the value of crops and use of said premises, and that upon payment by plaintiff of amount due defendant, he be adjudged to convey to her said premises.

The answer alleges that the transaction was an unconditional purchase of the land, in consideration of about $335 paid Miller, and the assuming of

about $1000 due Howard, and of back taxes of about $40, and avers that in June, 1872, defendant instituted proceedings of forcible entry and detainer, under and by virtue of which he recovered possession of said premises.

On the 7th of January, 1874, defendant filed an amendment to his answer, alleging that he has fully paid the claim of Howard and the back taxes..

The court decreed that the deed was intended as a mortgage, that the amount of principal and interest due defendant at date of decree was $1,153.42, and that the value of the use of the premises and the crops thereon when taken, and of posts and other property removed therefrom, amounted in all to $933.28, and that, upon payment of $220.14, plaintiff be put in possession. Defendant appeals.

*D. A. Dodge* and *Boies, Allen & Couch*, for appellant.

*Miller & Preston*, for appellee.

DAY, J.—I. We have been very much and very needlessly embarrassed in our examination of this case, because of discrepancies in dates in the abstract, and the careless manner in other respects in which it has been prepared.

For instance, the amended petition alleges that the arrangement between plaintiff and defendant was made about the 11th day of March, 1872, whilst there is abundant proof that defendant insisted on being paid by the 1st of March, 1872, and that as early as February, 1872, one Treeburn went with plaintiff to defendant to arrange for payment. It is probable that the fact is, as alleged in the original petition, that the arrangement with defendant was made in 1869, although much valuable time was lost before this conclusion was reached.

Further, the abstract contains no intimation what the District Court decreed. For this we are dependent upon a statement made near the close of appellant's argument.

The testimony as to the nature of the transaction between plaintiff and defendant is quite conflicting. There is no absolute test to which it can be brought, from which we can determine, beyond possibility of mistake that it sustains one view of the case rather than another. Yet from a careful reading and re-reading of the testimony, we feel quite well satisfied that the deed was intended as security for money advanced. Miller who executed the deed testifies such was the fact, plaintiff so testifies, George Beuhner so testifies. Plaintiff remained in possession three years after the execution of the deed, and has never been called upon for the payment of rent. Defendant stated to several witnesses that all he wanted was his money, that he did not want the land, that he would deed back the land where he got it from, if his money was paid by. the first of March. The three years possession of plaintiff is entirely inconsistent with the position that the transaction was an absolute sale. It is true there is evidence that the transaction was a sale. This is in direct conflict with the other testimony, and either it, or the testimony of plaintiff must be rejected. We cannot harmonize opposites. We must accept the conclusion which is most in harmony with the conduct of the parties.

We do not hesitate in holding that conclusion to be, that the deed was intended as a mortgage to secure defendant for advancements made.

II. It is claimed that plaintiff is entitled to nothing for the use of the premises, because in the proceedings of forcible entry and detainer referred to it was determined that defendant was entitled to the possession. We are left entirely in the dark as to the issues made in that case, the only allusion to it in the abstract being the following: "It is admitted that plaintiff was removed by reason of an action of forcible entry and detainer commenced by defendant against plaintiff." It is certain, however, that nothing more than the mere right of possession could have been determined in that case. The question of title could not be investigated. The agreement that the deed was to operate as a mortgage could not be inquired into, for that would involve an examination of a question of title. All that could have been determined was that defendant was entitled to possession. But the determination that a party is entitled to possession, does not establish the fact that he shall hold possession without making compensation. If defendant had taken possession by the consent of plaintiff, he would still have been required to pay for the use of the land, if it had afterward been determined that the deed was a mere mortgage. The same must be true of a possession obtained by legal process.

III. It is claimed that the finding of the court is not sustained by the evidence as to the value of the crop, and the use of the premises. The court found the value of the crop to be $350. The evidence fully sustains this. One witness puts it at $600, and says he would have given that.

One witness places the rental value of the land at $2.00 an acre, another at $4.00 an acre, and the affidavits of six witnesses made the 18th of March, 1872, place its value at from $2.90 to $3.00, for the coming crop of that season. Defendant obtained possession June 1st, 1872. The cause was heard at the January Term 1874, but it does not appear when the decree was entered. The court allowed for use of the premises $533.28.

We cannot say that this was too much under the evidence submitted. It will be seen that we have no means of determining, with certainty, how long defendant was in possession.

AFFIRMED.